NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYRUS MARK SANAI, Solicitor,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>Judge LEONDRA KRUGER; JOSHUA P. GROBAN; MARTIN J. JENKINS; KELLI EVANS; CAROL CORRIGAN; GOODWIN LIU; Honorable PATRICIA GUERRERO, Chief Justice,<br><br>      Defendants - Appellees. | No. 25-2937<br><br>D.C. No.<br>3:23-cv-01057-AMO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Araceli Martinez-Olguin, District Judge, Presiding

Submitted April 30, 2026[**]

Before: N.R. SMITH, BUMATAY, and H.A. THOMAS, Circuit Judges.

Cyrus Mark Sanai, a California attorney subject to California State Bar

disciplinary proceedings, filed a pro se action under 42 U.S.C. § 1983 against the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Justices of the California Supreme Court, alleging that the Bar disciplinary process is constitutionally defective. We previously affirmed the district court's dismissal of Sanai's claims on the basis of abstention under *Younger v. Harris*, 401 U.S. 37 (1971), and its denial of Sanai's post-judgment motions under Rules 59 and 60(b) of the Federal Rules of Civil Procedure. *See Roshan v. Lawrence*, No. 21-15771, 2024 WL 339100 (9th Cir. Jan. 30, 2024), *cert. denied*, 145 S. Ct. 1139 (2025), *and cert. denied sub nom.*, *Sanai v. Lawrence*, 145 S. Ct. 1140 (2025).

Sanai now appeals the district court's denial of his motion for relief from judgment pursuant to Rule 60(b)(6).[1] In his motion, Sanai argued that the Supreme Court's recent opinion in *Williams v. Reed*, 604 U.S. 168 (2025), presented an intervening change in the law that warrants vacatur of the judgment. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a motion for relief from judgment under Rule 60(b) for abuse of discretion. *Flores v. Rosen*, 984 F.3d 720, 731 (9th Cir. 2020). We affirm.

---

[1] We consider only Sanai's initial opening brief (Dkt. No. 13). *See* 9th Cir. R. 32-1(a). In doing so, we decline to revisit Sanai's arguments in support of default judgment, equitable relief, and reassignment, which we previously rejected in connection with Sanai's first appeal. *See Roshan*, 2024 WL 339100, at *2 (finding Sanai's other assignments of error were without merit); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (explaining that the law of the case doctrine "generally pre[c]ludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case"). Sanai's motions to file oversized replacement briefs (Dkt. Nos. 14, 21, 24) are denied. *See* 9th Cir. R. 32-2.

Contrary to Sanai's argument on appeal, the district court did not abuse its discretion by failing to analyze Sanai's motion under the six factors outlined in *Henson v. Fidelity National Financial, Inc.*, 943 F.3d 434 (9th Cir. 2019). Although the district court did not explicitly name any of the six *Henson* factors in its decision, it engaged in the relevant equitable analysis. *See Henson*, 943 F.3d at 444 (providing that the factors are "well-reasoned principles that should guide courts in exercising their discretion," not "a rigid or exhaustive checklist" (citation omitted)); *Lemoge v. United States*, 587 F.3d 1188, 1193 (9th Cir. 2009) (explaining that in the Rule 60(b)(1) context, the mere failure to cite the equitable test ordinarily does not require reversal as long as the court actually engaged in the analysis required).

Given that the first and fifth *Henson* factors decidedly supported the district court's conclusion that "nothing in Sanai's motion . . . merits relief from judgment," the remaining factors were not salient to the Rule 60(b)(6) equitable balancing under the circumstances. *See Henson*, 943 F.3d at 446–53 (outlining the factors). Thus, it was not an abuse of discretion for the district court to omit discussion of those factors or other equitable considerations. *See Lemoge*, 587 F.3d at 1196 (recognizing that "[b]ecause the standard under Rule 60(b) is an equitable standard, it may follow that in some circumstances a district court may satisfy the standard even though omitting to discuss some specified factor" (citation omitted)).

**AFFIRMED.**[2]

---

[2] Sanai's emergency motions for an injunction or stay pending appeal (Dkt. Nos. 6, 7, 28, 29), motion to expedite the appeal (Dkt. No. 18), and motions for an initial hearing en banc (Dkt. Nos. 5, 26, 27) are denied.